UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

ROSA V. JACKSON,

        Plaintiff,

        v.                          Case No. 04-C-1050

JO ANNE BARNHART,
Commissioner of Social Security,

        Defendant.

---

## ORDER GRANTING ATTORNEYS' FEES

---

On April 25, 2006, this court issued an order vacating and remanding the decision of the Commissioner of Social Security denying plaintiff disability benefits. Before the court is plaintiff's motion for attorney's fees.

Under the Equal Access to Justice Act (EAJA), "a district court may award attorney's fees where (1) the claimant is a "prevailing party"; (2) the government was not substantially justified; (3) no 'special circumstances make an award unjust'; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement." *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004); 28 U.S.C. 2412(d)(1)(A).

Here, the government does not object that Jackson was the prevailing party or that the fee application was untimely. Further, the government does not suggest that special circumstances make an award unjust, but it argues that its position was substantially justified.

The Supreme Court has held that a position is substantially justified if it "could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 566 n. 2 (1988). In determining whether the government's position is substantially justified, courts examine the merits of government's litigating position or pre-litigation conduct, including the decision by an Administrative Law Judge (ALJ), which is part of pre-litigation conduct. *Golembiewski,* 382 F.3d at 724; Cunningham v. Barnhart, 440 F.3d 862, 864 (7th Cir. 2006) ("In order for the Commission's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and her legal theory."). The government bears the burden of proof that its position was substantially justified. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). However, the commissioner's loss in this court does not create any presumption that fees should be awarded. *Id.*

Here, the court has found that the ALJ failed to support his determinations with substantial evidence and committed errors of law. Specifically, the ALJ failed to justify his conclusion that Jackson had the physical ability to meet the requirements of medium work. Moreover, the record contradicted the ALJ's conclusion. The court noted an unjustified finding that Jackson is capable of medium work had significant consequences because it permitted the conclusion she is not disabled. Further, the court concluded that the ALJ did not follow Social Security Administration's five-step test for determining disability, pursuant to 20 C.F.R. § 416.920(a)(4). For example, the ALJ neglected to explain Jackson's capability to perform past work, as required by step three. In addition, the ALJ credibility determinations were impermissibly conclusory despite the requirement that such determinations be supported by specific reasoning supported by the evidence. *See* Social Security Ruling 96-7p. These

2

failures constitute government's pre-litigation conduct and are substantial. As such, the government fails to prove that its position in this court was substantially justified.

Next, the court considers the amount of the fees requested by plaintiff's attorney. In 1996, EAJA was amended to allow attorneys an hourly rate of $125, which the court may adjust for inflation. 28 U.S.C. §2412(d)(2)(A). Plaintiff's attorney requests compensation based on the hours worked and rates listed below:[1]

| Year | Hours Worked | Adjusted Hourly Rate | Amount Requested |
|------|-------------|---------------------|------------------|
| 2004 | 2.70 | $148.75 | $401.63 |
| 2005 | 33.00 | $153.75 | $5,073.75 |
| 2006 | 8.80 | $157.50 | $1386.00 |
| Total | 44.50 | | $6,861.38 |

The government does not dispute the these figures, and the court deems the number of hours spent and the rate requested reasonable. Now, therefore,

IT IS ORDERED that plaintiff's motion for attorneys' fees in the amount of $6,861.38 is GRANTED.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.

_____
C. N. CLEVERT, JR.
U. S. District Judge

---

[1] Plaintiff's Memorandum Supporting Motion for Attorneys Fees (Doc. # 32) noted 2.7 hours spent in 2006, totaling $425.25 in fees for that year. In plaintiff's Reply Brief and Motion for Additional EAJA Fees, plaintiff's attorney attests that he spent an additional 6.1 hours in 2006 preparing that document (Doc. # 36). Based on these two documents, the court has added the total hours worked for 2006, 2.7 and 6.1 (totaling 8.8 hours), and multiplied that number by the hourly rate for 2006, $157.50, to calculate the total amount requested.

3